**FILED**

**OCT 1 1 2007**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LINDA L. BISHOP,              )  | CIV. 06-5066-KES |
| Plaintiff,              ) | |
| vs.              ) | ORDER GRANTING MOTION TO AMEND |
| PENNINGTON COUNTY, a political subdivision of the State of South Dakota,              ) | |
| Defendant.              ) | |

Defendant, Pennington County (County), moves to amend its answer to plaintiff's complaint to assert the affirmative defenses of failure to exhaust administrative remedies, *res judicata*, and failure to mitigate damages. Plaintiff, Linda Bishop, objects to the motion.

## STANDARD OF REVIEW

The motion to amend was referred to the magistrate judge for ruling pursuant to 28 U.S.C. § 636(b)(1)(A). This court may reconsider any ruling so designated, where the "magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## FACTUAL BACKGROUND

Bishop alleges that she was the victim of sexual harassment and retaliatory discharge while she was an employee of County. In her complaint, Bishop alleges that she was employed by County from September 4, 2001, through November 1, 2004. Bishop further alleges that she was subjected to

sexual harassment by immediate supervisor Rick Burden during her period of employment, and that she was discharged as a result of her efforts to end the harassment.

Bishop filed a Charge of Discrimination against County with the South Dakota Division of Human Rights (Division). Docket 24, Ex. 1. The Division issued a finding of no probable cause. Docket 24, Ex. 2. Bishop did not appeal the Division's finding. Docket 36, Ex. B at 201. Bishop also filed a claim with the Equal Employment Opportunity Commission and received a Notice of Right to Sue from the Commission. Docket 1, Att. 2 ¶ 12.

Bishop then filed a complaint in the Seventh Judicial Circuit, in Pennington County, South Dakota. The action was removed to this court on August 23, 2006, and County filed an answer to the complaint on August 30, 2006. Docket 4. Pursuant to the initial scheduling order issued by this court, the parties were allowed until November 6, 2006 to amend the pleadings and all discovery was required to be completed by April 2, 2007. Docket 7. On March 2, 2007, County filed an unopposed motion to extend discovery deadlines, and this court ordered that all discovery be completed by August 1, 2007. Docket 9. The amended scheduling order did not extend the period within which the parties could amend the pleadings.

County moved to amend its answer to the complaint on June 19, 2007. It asserts that Bishop's claim was barred because she failed to exhaust administrative remedies based on information County asserts it first

discovered during the Bishop's deposition on June 18 and 19, 2007. The following day, June 20, 2007, County moved to amend its answer for a second time to include failure to mitigate damages as an affirmative defense, also based upon information it asserts it first learned during Bishop's deposition.

On July 5, 2007, Bishop responded to the motions to amend the answer, asserting that the inclusion of the affirmative defense of failure to exhaust directly contradicted County's admission with regard to Paragraph 11 of the complaint that Bishop had exhausted her administrative remedies. On July 17, 2007, County withdrew its first and second motions to amend and filed a third motion to amend. Docket 22. The third motion to amend, which is the subject of this order, seeks to amend the answer to include the affirmative defenses of failure to exhaust, failure to mitigate, and *res judicata*. The motion also seeks to amend County's response to Paragraph 11 of the complaint to make it internally consistent with its affirmative defenses.

In her response to County's third motion to amend, Bishop asserts that County is in essence attempting to recant its admission regarding the exhaustion of remedies, which would require Bishop to substantially alter her trial strategy and result in significant delay. Docket 28 at 1-2. Bishop also argues that the addition of the affirmative defenses of failure to mitigate and *res judicata* would create the need for additional discovery and alter the complexion of the case, causing prejudice to Bishop.

The magistrate judge denied County's motion to amend finding that County had not demonstrated facts that would constitute good cause for its failure to comply with this court's scheduling order. The magistrate judge also found that Bishop would suffer prejudice by allowing County to recant an admission, and the scope of discovery would be substantially broadened. County objects to the order of the magistrate judge.

## DISCUSSION

Motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend is denied only if evidence exists "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Bishop argues that the motion to amend should be analyzed under the "good cause" standard of Rule 16(b). Docket 28 at 2. The Eighth Circuit has stated, "[w]hen the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." In re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999); Fed. R. Civ. P. 16(b). County concedes that it "[i]f a party attempts to amend a pleading

4

after the deadline set forth in a court's scheduling order, the court may require the party to show good cause for not having amended its [pleading] before the time specified in the scheduling order expired." Docket 31 at 14.

## I. Failure to Exhaust Administrative Remedies

### A. State Law Claims

County seeks to amend its answer to assert that Bishop's state law sexual harassment claims are barred by Bishop's failure to exhaust administrative remedies. County argues that because the failure to exhaust with regard to the state law claims is jurisdictional, its motion to amend to challenge the subject matter jurisdiction of the court must be granted. See Jansen v. Lemmon Federal Credit Union, 562 N.W.2d 122, 124 (S.D. 1997)(finding that failure to exhaust administrative remedies deprived the court of jurisdiction). The court agrees that under Jansen, if Bishop failed to exhaust her administrative remedies, this court would not have jurisdiction over her state law claims.

Lack of subject matter jurisdiction cannot be waived and may be raised at any time. Fed. R. Civ. P. 12(h); Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006). Because failure to exhaust with regard to the state law harassment claims is a challenge to this court's subject matter jurisdiction, County is entitled to raise the defense at any time. Accordingly, County's motion to amend the answer to include the defense of failure to exhaust with regard to the state law claims is granted.

5

## B. Federal Claims

County also seeks to amend the complaint to allege that Bishop failed to exhaust administrative remedies with regard to her federal law claims arising out of events which allegedly occurred after May 13, 2003.[1] In a comprehensive discussion, the magistrate judge found that failure to exhaust in the context of a federal harassment claim is not a jurisdictional prerequisite. Docket 30 at 4-9. The court adopts the order of the magistrate judge with respect to that determination.

County argues that even if exhaustion is not a jurisdictional prerequisite to its federal harassment claims, it has shown good cause to allow the amendment. In Bishop's Charge of Discrimination filed with the Division she stated:

> Rick Burden's advances started 05 February, 2004 with the additional dates of 22 March, 2004 and both 12 May, 2004 and 13 May, 2004. I believe all dates should be listed.

Docket 24, Ex. 1 at 3.

County asserts that it first learned Bishop was alleging that she suffered incidents of harassment after May 13, 2004, during her deposition. The magistrate judge found that although Bishop did not specifically allege incidents after May 13, 2004, County was on notice she was alleging

---

[1] With regard to the federal claims, County does not allege that Bishop failed to exhaust her administrative remedies with regard to alleged acts that occurred on or before May 13, 2003, nor does it allege that Bishop failed to exhaust her administrative remedies with regard to her claim for retaliation.

6

discrimination throughout her entire period of employment through her allegations in the complaint. Docket 30 at 12. The magistrate judge also found that because Bishop's Charge of Discrimination listed the last date of discrimination as November 1, 2004, County was on notice that she alleged acts of discrimination through that date. Id. at 11.

The court finds that under the circumstances of this case, County's assertion that it was not on notice that Bishop alleged specific acts of conduct after May 13, 2004, is reasonable. Although the complaint alleges generally that Bishop was subjected to harassment during her period of employment, the Charge of Discrimination states with specificity the dates Bishop claims harassing behavior occurred, and further that she "believe[d] all dates should be listed." Docket 24, Ex. 2 at 3.

After County became aware of additional allegations of harassment through the deposition of Bishop, County immediately moved to amend the answer. Under the facts of this case, the court finds that County has demonstrated good cause to amend its answer to allege that Bishop has failed to exhaust her administrative remedies with regard to any alleged acts of sexual harassment which occurred after May 13, 2004, for purposes of her federal law claims.

Further, the court agrees with the magistrate judge that any assertion of prejudice by Bishop is "somewhat threadbare." Docket 30 at 15. The court finds that Bishop will not suffer undue prejudice if County is allowed to

amend its answer to include the defense of failure to exhaust with regard to specific acts of harassment that occurred after May 13, 2004. Accordingly, County's motion to amend its complaint to assert the defense of failure to exhaust with regard to the federal claims is granted.

## II. *Res Judicata*

County seeks leave to amend the answer to add the defense of *res judicata* to the state law claims. In <u>Jensen</u>, the South Dakota Supreme Court stated that, "any claim over which an agency had jurisdiction that is raised and rejected is barred from being brought elsewhere under the doctrine of *res judicata*." <u>Jensen</u>, 562 N.W.2d at 124. County argues that Bishop's failure to appeal the finding of no probable cause by the Division results in that determination becoming the final judgment of the Division. From a practical standpoint, the effect of the defense of *res judicata* is very similar to that of failure to exhaust a state law claim. Both defenses turn on whether Bishop is required to appeal the Division's finding of no probable cause before bringing this action. As discussed above, County is entitled to amend its answer to assert the defense of failure to exhaust with regard to the state law claims. The court, therefore, finds that Bishop will not suffer additional prejudice if County is allowed to amend its answer to assert the *res judicata* defense. Thus, County's motion to amend is granted.

## III. Failure to Mitigate Damages

County argues that it has demonstrated good cause to amend the answer to include the defense of failure to mitigate damages. County asserts that it did not discover Bishop had not sought employment since June 2005 until her deposition in June of 2007. County first moved to amend its complaint to include failure to mitigate damages within days of Bishop's deposition testimony that she had stopped seeking work. The court finds that County has demonstrated good cause to amend its answer. Further, the court finds that Bishop is not prejudiced by the amendment, as any necessary discovery regarding her efforts to mitigate damages is within her possession. Accordingly, County's motion to amend the complaint to include the defense of failure to mitigate is granted.

## CONCLUSION

In sum, the court finds that leave should be granted to County to amend its answer to assert the additional affirmative defenses discussed above. There is no indication that County has acted in bad faith in filing the motion or that it acted in a dilatory manner. Rather, it appears that County moved to amend its answer almost immediately after relevant evidence came to light during the deposition of Bishop. Further, County first filed its motions to amend prior to the close of discovery in this case. If Bishop finds additional discovery necessary as a result of the amendments, County has indicated that

9

it will not object to a motion to extend the discovery deadline, obviating any prejudice she might suffer. Accordingly, it is hereby

ORDERED that County's third motion to amend (Docket 22) is granted.

Dated October 11, 2007.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
CHIEF JUDGE